In re:  DBH LIMITED, INC., Debtor,

**Dbh Limited, Inc., Appellant,**

v.

**Doug BARRONS;  Hugh Neil, Jr.;
Carl Ackerman;  AZUR–US
Inc, Appellees.**

No. 00–5520.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, NORRIS, and MOORE, Circuit Judges.

Debtor, DBH Limited., Inc. ("Limited"), appeals a district court order affirming the decision of a bankruptcy court that denied the debtor's motion, pursuant to 11 U.S.C. § 303(i)(1), for attorney's fees and costs following dismissal of an involuntary Chapter 7 petition for bankruptcy.  The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case.  *See* Fed. R.App. P. 34(a).

On May 16, 1997, three petitioning creditors, including AZUR–US, Inc. ("AZUR"), filed an involuntary Chapter 7 bankruptcy petition against Limited.  After a hearing, the Bankruptcy Court for the Western District of Tennessee found that there were fewer than three petitioning creditors and more than twelve general creditors.  Based on this finding, the court concluded that the prerequisites to an involuntary petition contained in 11 U.S.C. § 303(b) had not been met and dismissed the petition.  The district court affirmed the decision, and the Sixth Circuit affirmed the district court's decision in an order filed October 4, 2000.  *AZUR–US, Inc. v. DBH Ltd., (In re DBH Ltd.),* No. 99–5970, 2000 WL 1478392 (6th Cir. Oct.4, 2000) (unpublished order).

Limited filed a motion for attorney's fees and costs pursuant to 11 U.S.C. § 303(i)(1) on October 23, 1998, which was opposed by AZUR. The bankruptcy court denied the motion on January 29, 1999.  A motion for reconsideration was denied on March 29, 1999.  Limited then appealed to the district court.  Because the bankruptcy court stated that the ruling was based upon the totality of the circumstances, the district court remanded the case to the bankruptcy court for clarification as to what other circumstances were relied upon in the decision to deny the motion for attorney's fees.

The bankruptcy court issued its additional findings on August 11, 1999.  The district court affirmed the bankruptcy court's decision in an order filed March 17, 2000.  This appeal followed.

The standard of review for a bankruptcy appeal is somewhat different from that of a typical appeal. Initially in a bankruptcy case, the bankruptcy court makes findings of fact and conclusions of law. "The district court then reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions.of law de novo." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir.1997) (citing Bankr.R. 8013). This court in turn reviews the bankruptcy court's findings of fact under a clearly erroneous standard of review and the district court's legal conclusions de novo. *Id.* (citing *First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 717 (6th Cir.1992)). "A factual finding will only be clearly erroneous when, although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir.1993) (citations omitted).

Upon review, we conclude that the bankruptcy court's findings of fact are not clearly erroneous nor its conclusions of law incorrect. The record contains ample evidence supporting the bankruptcy court's decision to deny Limited's motion for attorney's fees and costs.

Accordingly, the district court's order affirming the decision of the bankruptcy court is affirmed.